IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENVER ESOLDE GALLIGO EVERS,

    Plaintiff,

v.

LANE COUNTY ADULT CORRECTIONS, et al.,

    Defendants.

Case No. 6:19-cv-01732-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff, an inmate at the Lane County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## **BACKGROUND**

Plaintiff alleges that his special religious diet at the Lane County Jail became "inconsistently inadequate," prompting

1 - ORDER TO DISMISS

him to lodge complaints with Jail staff. He asserts that because he complained, unidentified staff discontinued his special diet and that "nursing staff" told him there had been a crackdown on such diets. According to Plaintiff, staff informed him that his special diet was discontinued on the basis that he did not have a doctor's note to support it despite the fact that no other inmate on a special diet is expected to provide such a note. Plaintiff asks for injunctive relief and $250,000 in damages.

## **STANDARDS**

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

2 - ORDER TO DISMISS

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation).

In this case, despite naming individuals within the body of his Complaint, Plaintiff does not bring suit against any of them.¹ Instead, he brings suit against Lane County, its Jail, and its Sheriff's Office. In order to establish municipal liability, a plaintiff must ordinarily show that the deprivation of his rights occurred as a result of an official policy or custom, *see Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978), or that the municipality ratified the unlawful conduct, *see Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). Here, Plaintiff makes no such allegation. Instead, he specifically asserts that he was not treated under the appropriate policy as a *de facto* punishment in retaliation for his complaints about the meals the Jail provided him. In this respect, Plaintiff fails to state a claim against any of the named Defendants such that the Court dismisses the Complaint.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#1) is DISMISSED for failure to state a claim. Should Plaintiff wish to continue with this case, he must file an amended complaint within 30 days that: (1) cures the deficiencies

---

¹ Plaintiff is required to include the names of all the parties in the caption of his Complaint. Fed. R. Civ. P. 10(a).

4 - ORDER TO DISMISS

with his prior Complaint; (2) names all Defendants in its caption; (3) describes how each named Defendant personally participated in the deprivation of a federal right; (4) does not incorporate any prior document by reference; and (5) is on the form provided by the Court. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. In lieu of an Amended Complaint, Plaintiff may move to voluntarily dismiss this action, without prejudice.[2]

The Clerk is directed to send Plaintiff a civil rights complaint form for his use.

IT IS SO ORDERED.

DATED this 8th day of January, 2020.

                                        _____
                                        Michael W. Mosman
                                        United States District Judge

---

[2] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).